## Fred L. Stevens, Appellant, v. Erick Lagerquist, Appellee.

### Gen. No. 6,495.    (Not to be reported in full.)

Appeal from the Circuit Court of Winnebago county; the Hon. JAMES S. BAUME, Judge, presiding. Heard in this court at the October term, 1917. Affirmed. Opinion filed April 9, 1918.

### Statement of the Case.

Action by Fred L. Stevens, plaintiff, against Erick Lagerquist, defendant, to recover on a note for the principal sum of $94.50, alleged to have been made and delivered by defendant to another for merchandise and afterwards assigned to plaintiff. From a judgment for defendant, plaintiff appeals.

R. E. BECKINGTON, for appellant.

R. K. WELSH, for appellee.

MR. JUSTICE NIEHAUS delivered the opinion of the court.

### Abstract of the Decision.

1. BILLS AND NOTES, § 261*—*when fraud is defense to note in hands of innocent purchaser.* Fraud and circumvention in obtaining the signature of the purchaser of goods to a note which is a part of an order for goods is a complete defense to a recovery on the note in the hands of an innocent purchaser, unless the maker is guilty of such negligence in executing the note and allowing it to go into circulation as would preclude him from setting up the defense.

2. BILLS AND NOTES, § 460*—*when question for jury whether note procured by fraud.* Evidence *held* to present a question for the jury whether the signature to a note, which was a part of a contract for the purchase of goods, and was afterwards detached and sold to

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

plaintiff, an innocent purchaser for value, was obtained by fraud, where it appeared that the signer was of foreign nativity, and could not read and write the English language readily and relied upon the statement of the seller's agent that his signature to the paper in one of two places was to be the signature to the consignment contract, and the other to show that he was the owner of the store, and it afterwards developed that one of the signatures was to the note.

3. BILLS AND NOTES, § 441*—*when procurement of note by fraud shown.* Evidence *held* sufficient to sustain a finding that the signature of defendant to a note, which was a part of a contract for the purchase of goods, and afterwards detached and sold to plaintiff, an innocent purchaser for value, was obtained by fraud.